## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

RANDY WILLIAMS                                                                PLAINTIFF

v.                                                                No. 4:20CV29-GHD-RP

LEE SIMON, ET AL.                                                          DEFENDANTS

## ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS*
## STATUS FOR ACCUMULATING THREE "STRIKES" –
## AND REQUIRING PAYMENT OF THE FULL FILING
## FEE WITHIN 21 DAYS OF THE DATE OF THIS ORDER

The defendants have moved [67] to revoke the plaintiff's *in forma pauperis* status because he

has violated the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* 28

U.S.C. § 1915(g). The *pro se* prisoner plaintiff, an inmate in the custody of the Mississippi

Department of Corrections, has submitted a complaint challenging the conditions of his confinement

under 42 U.S.C. § 1983.

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
proceeding under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it is frivolous, malicious, or fails
to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

The plaintiff has accumulated "strikes" under 28 U.S.C. § 1915(g) in the following cases: *Williams v.*

*Management and Training Corp., et al.* No. 5:19-cv-87-DCB-MTP (S.D. Miss. Jan. 31, 2020)

(dismissed with prejudice for failure to obey Court orders and failure to prosecute); *Williams v. Davis,*

*et al.* No. 5:17-cv-59-MTP (S.D. Miss. Mar. 28, 2018) (dismissed with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii)); *Williams v. Perry*, et al. No. 1:15-cv-397-RHW (S.D. Miss. Oct. 27,

2016) (dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii)

and § 1915A(b)(1)); and *Williams v. Johnson*, No. 4:00-cv-18-TSL (S.D. Miss. Mar. 23, 2000) (dismissed as frivolous).

Mr. Williams has not alleged that he was under imminent danger of serious physical injury at the time he filed the instant suit. He complains of being attacked by other inmates at the Mississippi State Penitentiary in 2018; however, he had been moved to the Central Mississippi Correctional Facility by the time he filed the instant suit in 2020. In "using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.'" *Id.* (quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2ᵈ Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3ᵈ Cir. 2001)). For these reasons, Williams' complaint does not satisfy the "imminent harm" standard of 28 U.S.C. § 1915(g).

The plaintiff has accumulated at least three "strikes" and has thus abused his *in forma pauperis* privileges, and those privileges are **REVOKED.**

As such, it is **ORDERED** that the plaintiff must pay the full filing fee within 21 days of the date of this order. If the plaintiff fails to pay the filing fee within 21 days, then the Clerk of the Court is **DIRECTED** to dismiss this case without further action by the court.

**SO ORDERED**, this, the 11ᵗʰ day of October, 2022.

SENIOR U.S. DISTRICT JUDGE